UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DARRY PIERRE,

    Plaintiff,

v.

MRS BPO, LLC ,

    Defendant.
_____/

Case No. 5:24-cv-00141

**JURY TRIAL DEMANDED**

NOW comes DARRY PIERRE ("Plaintiff"), by and through the undersigned, complaining as to the conduct of MRS BPO, LLC, ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55 in connection with Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C.

1

§§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial portion the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), residing in Fruitland Park, Florida which lies within the Middle District of Florida.

5. Defendant is a debt collector within the meaning of 15 U.S.C. §1692a(6), in that it uses postal mail, an instrumentality of interstate commerce for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. Defendant maintains its principal place of business located at 1930 Olney Ave. Cherry Hill, New Jersey 08003.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's efforts to collect upon a past due obligation ("subject consumer debt") purportedly owed by Plaintiff that was used for personal purposes.

8. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was placed with Defendant for collection purposes.

9. Upon information and belief, the subject consumer debt was subsequently charged off and placed with Defendant for collection purposes.

10. A couple months ago, Plaintiff began receiving collection calls to his cellular phone, (305) XXX-9410, from Defendant seeking collection of the subject consumer debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -9410. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has primarily used the phone number(s) (833) 388-0571 and (833) 858-0961 when placing calls and text messages to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

13. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activity.

14. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject consumer debt.

15. Finding harassing the nature of Defendant's collection calls and text messages, Plaintiff demanded that Defendant's cease all contact.

16. Notwithstanding Plaintiff's demands, Defendant continued placing repeated and persistent phone calls and text messages to Plaintiff seeking collection of the subject debt.

17. Plaintiff has reiterated his demands on a number of occasions, and explicitly informed Defendant that the phone calls were harassing, yet Defendant has persisted in continuing to place such phone calls despite knowing them to be harassing to Plaintiff.

18. Plaintiff has received numerous repeated phone calls and text messages from Defendant since demanding that Defendant cease all communication.

19. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, money, and resources

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, and numerous violations of his federally-protected and state-protected interests to be free from harassing conduct on the part of entities seeking to collect debt.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA § 1692d *et seq.*, and 12 C.F.R. § 1006.14 *et seq.***

27. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they do not call a consumer more than 7 times over 7 consecutive days, or if they wait 7 days after communicating with a consumer before attempting another communication. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." An example of facts rebutting the presumptive compliance would be a prior indication "that the person did not wish to be contacted again about the particular debt."

29. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

30. Defendant violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b) & 1006.14(h), through its placement of harassing phone calls and text messages to Plaintiff's cellular phone, especially following his cease and desist requests. Plaintiff plainly demanded that Defendant cease calling his cellular phone. Despite the nature of these prior communications, Defendant nevertheless continued

placing phone calls seeking collection of the subject consumer debt. Regulation F blatantly prohibits such conduct, which underscore Defendant's violations of those regulations, as well as the corresponding portions of the FDCPA. The regulations clarify that consumers who have requested calls to stop, yet nevertheless receive further calls, may state claims for repeated phone calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy stemming from Defendant's persistence in placing unwanted phone calls to Plaintiff's cellular phone.

### b. Violations of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call and text Plaintiff's cellular phone despite his requests that such contacts cease.

WHEREFORE, Plaintiff, DARRY PIERRE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

34. At all relevant times to this action, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

35. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

36. At all times relevant to this action, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla.Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. §559.51(1).

37. At all times material hereto, the subject debt is a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

8

38. Defendant violated § 559.72(7) of the FCCPA through its unlawful conduct.

    a. **Violations of FCCPA § 559.72(7)**

39. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

40. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls and text messages to Plaintiff after he demanded that it stop contacting him. Instead of abiding by Plaintiff's wishes, Defendant continued calling and texting Plaintiff's cellular phone after he demanded that it cease contacting him, all the while knowing the extent to which Plaintiff found Defendant's calls to be harassing and bothersome.

WHEREFORE, Plaintiff, DARRY PIERRE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

  a. Enter judgment in Plaintiff's favor and against Defendant;

  b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77

  c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff or Plaintiff's fiancé seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.

Dated: March 19, 2024                    Respectfully submitted,

*/s/Alexander J. Taylor*
Alexander J. Taylor, Esq.
Counsel for Plaintiff
Sulaiman Law Group, LTD
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone:(630) 575-8181 Ext. 180
Fax: (630) 575-8188
ataylor@sulaimanlaw.com